IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(KANSAS CITY)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.11-cr-20133-02-CM |
| | ) | |
| David P. Drake, | ) | |
| Donald D. Snider, Jr., | ) | |
| Vickie A. Hall, and | ) | |
| Heather A. Gibbs | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO SEVER ALLEGATIONS JAMES B. CLARKSON
## FALSIFIED MORTGAGE APPLICATIONS

Defendants David P. Drake, Donald D. Snider, Jr., Vickie A. Hall, and Heather A. Gibbs (the "Moving Defendants"), through counsel, move this Court to sever allegations that mortgage broker and codefendant James Clarkson falsified mortgage applications because their joinder was improper under Rule 8 of the Federal Rules of Criminal Procedure.

### Background

In addition to several counts involving money laundering, all of the Defendants have been charged with conspiracy to commit bank fraud (Count One) and bank fraud (Count Three), under 18 U.S.C. § 1344. Superseding Indictment (Doc. 133). The indictment alleges that the Moving Defendants masterminded a scheme through companies they owned centered on a real estate development in Stone County, Missouri.

Northshore Investments, LLC ("Northshore"), which was owned by three of the Moving Defendants, purchased a tract of platted land and subsequently had the this platted tract further divided into additional residential lots, which it sold to individuals referred to as credit-partners.

*Id.* at 2.  After the sale of the lots to credit-partners, a development company owned by the Moving Defendants, Western Site Services ("WSS"), was to construct townhomes on them.  *Id.*

The credit-partners financed their purchases of the lots and the subsequent construction with loans, which mortgage broker and codefendant James Clarkson obtained from three banks.  *Id.* at 3.  The Moving Defendants did not direct the credit-partners to use Clarkson as their broker.  A separate company, My Investing Place ("MIP"), recruited the credit-partners to invest in the development, and referred the credit-partners to Clarkson.  *Id.* at 2.

In submitting applications for the loans, "Clarkson falsely listed the loan broker as 'Shawn Johnson' because Clarkson was not licensed as a mortgage broker in Missouri or Kansas."  *Id.* at 3.  Clarkson also fraudulently inflated the incomes of the credit-partners "to ensure the borrower qualified for the loan."  *Id*.  The indictment also alleges that the defendants caused letters to be sent to two of the lending banks, which falsely stated that credit-partners had made down payments.  *Id*.  Until the letters were sent at the closing of the loans, there was no communication between Clarkson and the Moving Defendants regarding the stated-income loan applications.

The focus of the indictment, however, appears to be the allegation that the Moving Defendants fraudulently submitted draws on construction loans for work that was never performed.  *Id.* at 5.  The Moving Defendants are also alleged to have overstated the costs of construction in their loan draws.  *Id.* at 6.

Reviewing these facts, the indictment actually alleges several bank fraud schemes.  Moreover, according to the indictment, Clarkson perpetrated two of these instances completely on his own—he alone falsely listed another person as the mortgage broker and he alone fraudulently inflated the incomes of the credit-partners.

2

**Analysis**

Courts determine whether joinder is proper based on the face of the indictment. *United States v. Bruun*, 809 F.2d 397, 406 (7th Cir. 1987) (citing *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) and *United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir. 1982)); *see also United States v. Somers*, 496 F.2d 723 (3rd Cir. 1974). Rule 8 provides that joinder of defendants is proper where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions." Fed. R. Crim. Pro. Rule 8(b). Thus, joinder "is proper only if there is proof of their joint participation in the same act or transaction or series of acts or transactions. If this proof is lacking, there is no room for the exercise of judicial discretion and the court must grant severance." *United States v. Jorgenson*, 451 F.2d 516, 522 (10th Cir. 1971). In *Jorgenson*, the Tenth Circuit ultimately found that joinder was proper because there was proof of one conspiracy, and thus, joint participation.

Here, the indictment alleges that Clarkson alone falsely listed another individual as the mortgage broker, and Clarkson alone inflated the incomes of the credit partners. Moreover, there was no communication between the Moving Defendants and Clarkson until closing—long after Clarkson falsified and submitted the loan applications. Because there is no joint participation between the Moving Defendants and Clarkson on these actions, the Court must sever these allegations from the case.

The Moving Defendants may have ultimately benefitted from Clarkson's income inflations because their development received the buyers it needed to take off. This benefit, however, does not prove that they conspired with Clarkson or jointly participated with him. If the Moving Defendants had hired a subcontractor that was able to underbid its competitors because it illegally hired undocumented workers unbeknownst to the Moving Defendants, they

would have technically benefitted from the scheme, but they would not be implicated in the subcontractor's conspiracy to violate immigration laws.

Moreover, Clarkson submitted his mortgage applications in 2007 at the height of the housing bubble.  In the wake of that bubble bursting, the news became littered with stories of mortgage brokers who falsified the incomes of borrowers.  The fact that this was such a widespread practice further shows that Clarkson likely acted on his own.

Although prejudice is not required for a showing of improper joinder, the Moving Defendants risk being associated with the disdain many jurors might have for a mortgage broker like Clarkson.  The media has placed much of the blame for the Great Recession on brokers and underwriters like Clarkson who got individuals mortgages on homes they could not afford.

Judicial efficiency is also not a factor in determining whether joinder is proper under Rule 8.  However, proving that Clarkson filed false mortgage applications would be as easy as submitting proof of the credit-partners' actual income and the applications themselves.  Whether this is done at the Moving Defendants' trial or a separate one, this will take roughly the same time.  Thus, a severance of the allegations that Clarkson falsified mortgage applications would not harm the interest of judicial efficiency.

## Prayer

WHEREFORE, the Moving Defendants, through counsel, move this Court to sever allegations that Clarkson falsified mortgage applications because their joinder was improper under Rule 8 of the Federal Rules of Criminal Procedure.

Respectfully submitted,

/s Gregory C. Robinson
Gregory C. Robinson, #18960
400 N. Main
Lansing, KS 66043
Tel: 913.727.5800
Fax: 913.727.1550
Email: grobinsonesq@aol.com
Attorney for Defendant Donald D. Snider, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March, 2015, I electronically filed the foregoing motion with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

s/ Gregory C. Robinson