IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED IN OPEN COURT
5-27-15
TIMOTHY M. O'BRIEN, CLERK
BY /s/ Sara Lopegal
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DAVID P. DRAKE<br><br>Defendant. | Case No. * 11-20133-CM-JPO |

### PLEA AGREEMENT PURSUANT TO FEDERAL RULE
### OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney, D. Christopher Oakley, and David P. Drake, the defendant, personally and by and through his counsel, Mark A. Thomason, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to counts one and two of the Superseding Indictment. Count one charges Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §1349. Count two charges Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §1956(h). By entering into this Plea Agreement, the defendant admits to knowingly committing the offenses, and to being guilty of the offenses. The defendant understands that the maximum sentence which may be imposed as to count is not more than thirty years of imprisonment, a $1,000,000 fine, 5 years of supervised release, and a $100 mandatory special assessment. The defendant understands that the maximum sentence which may be imposed as to count two is not more than 10 years of imprisonment; a fine of $250,000 or two times the amount of criminally derived property involved in the transaction, whichever is

1

greater; not more than 3 years of supervised release; and a $100 mandatory special assessment. The defendant agrees to be held jointly and severally responsible for restitution as determined by the Court.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

### Count 1:

The defendants, David P. Drake and Donald D. Snider, Jr., were business partners. Both were involved in various capacities with Western Sites Services, a company that was engaged in developing land in a project known as "Indian Ridge Resorts." Funding for Western Sites Services' portion of the Indian Ridge Project came from three banks, including Columbian Bank and Trust, a financial institution insured by the Federal Deposit Insurance Corporation.
Beginning from in or around January 2006 and continuing until in or around August 2008, in the District of Kansas and elsewhere, the defendant and others knowingly and voluntarily agreed to execute an artifice to obtain money under the control of Columbian Bank. This was done through false representations made to Columbian Bank by persons involved in the conspiracy, related to the Indian Ridge Project. The false representations were material and were capable of influencing the decision of Columbian Bank to provide money to the defendants. The false representations made by the defendant and other conspirators were done in order to benefit the defendant and others involved in the conspiracy.

### Count 2:

Beginning from in or around January 2006 and continuing until in or about August 2006, in the District of Kansas and elsewhere, the defendant and others involved in the bank fraud conspiracy, knowingly and voluntarily agreed to conduct financial transactions that were obtained during the bank fraud conspiracy. Specifically, the defendant and others knew the funds being transferred were from the proceeds of loans obtained from Columbian Bank and Trust, a financial institution, in amounts greater than $10,000.

3. **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

(a) 60 months in prison on each count to run concurrently with each other;

(b) 2 years of supervised release;

(c) no fine;

2

      (d)    the mandatory special assessment of $200; and

      (e)    restitution as determined by the Court.

The parties seek this binding Plea Agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a).  If the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this Plea Agreement.  This Plea Agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

      4.    **Application of the Sentencing Guidelines.**  The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines.  Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

      5.    **Government's Agreements.**  In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to dismiss the remaining counts of the Superseding Indictment at the time of sentencing, and agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the indictments.

      6.    **Consequences for Violating Plea Agreement.**  The United States' obligations under this Plea Agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility.  If the defendant denies or gives conflicting statements as to his

involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, this Plea Agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed Plea Agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding Plea Agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by the proposed Plea Agreement and accepts the defendant's guilty plea, the defendant will not be permitted to withdraw his guilty plea. Only if the Court rejects the proposed Plea Agreement will the defendant be permitted to withdraw his guilty plea.

9. **Identification of Assets & Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments, and Forfeiture:** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

- (a) He agrees to provide a financial statement on a form approved by the United States Attorney's Office that discloses all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within three years preceding the entry of this Plea Agreement.

- (b) He agrees to submit to an examination, prior to and/or after sentencing, which may be taken under oath, and which may include a polygraph examination.

- (c) He acknowledges that any waivers, consents, or releases he signed for purposes of the Presentence Report extend to the United States Attorney's Office.

- (d) He agrees to not encumber, transfer, or dispose of any monies, property, or assets under his custody or control, without written approval from the United States Attorney's Office.

- (e) He understands and agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), these monetary penalties will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, he understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If he is incarcerated, he agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

- (f) If he posted funds as security for his appearance in this case, he authorizes the Court to release the funds and apply them to satisfy his financial obligations, pursuant to the Court's judgment.

(g) He waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment the Court announces on the record the day of sentencing.

10. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the

parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12.     **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13.     **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney's for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

16. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____   Date: 5-26-15
D. Christopher Oakley
Assistant United States Attorney

_____   Date: 5/26/15
Kim I. Martin
Criminal Chief/Supervisor

_____   Date: 5/27/15
David P. Drake
Defendant

_____   Date: 5/27/15
Mark A. Thomason
Law Office of Mark Thomason, LLC
Counsel for Defendant

8