IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED IN OPEN COURT
5-27-15
TIMOTHY M. O'BRIEN, CLERK
BY Sara Spegal
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>             Plaintiff,<br><br>v.<br><br>HEATHER A. GIBBS,<br>             Defendant. | CRIMINAL ACTION<br><br>Case No. 11-20133-04-CM |

**PLEA AGREEMENT PURSUANT TO FEDERAL RULE
OF CRIMINAL PROCEDURE 11( c)(1)(C)**

The United States of America, by and through Assistant United States Attorney, D. Christopher Oakley, and Heather A. Gibbs, the defendant, personally and by and through her counsel, Forrest A. Lowry, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count One of the Information charging a violation of 18 U. S. C. § 4, that is, Misprision of a Felony. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count One of the Information to which she has agreed to plead guilty is not more than 3 years imprisonment, a $250,000.00 fine, 1 year of supervised release, and a $100 mandatory special assessment. The defendant agrees to be responsible for restitution in the amount of $120,000.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

    The defendant, Heather A. Gibbs, is married to Donald D. Snider, Jr. Snider and David P. Drake were business partners. In 2007 Drake and Snider purchased Tract 34 of the

Indian Ridge Resort Project in Branson, Missouri and continued work on the project.

The defendant, Heather A. Gibbs, was a 2% owner of Western Site Services (WSS) and her work was done outside the office. The defendant's interaction with WSS was through the sole direction of her husband Donald D. Snider, Jr. The defendant performed banking errands for her husband at his request and through the direction of office staff.

Invoices from WSS were submitted to the bank by office staff in order to draw the loan proceeds. Invoices submitted to the bank included overhead and profit in the line items costs in violation of the terms of the loan and constituted bank fraud. The defendant did not immediately report the commission of this felony to a judge or other person in authority, but instead chose to conceal the offense by having nothing to do with the day to day operations of the business, and to continue to sign and deposit checks related to the loan proceeds.

3. **Proposed( c)(1)( C) Sentence**. The parties propose, as an appropriate disposition of the case:

(a) 3 years of probation;

(b) no fine;

(c) the mandatory special assessment of $100;

(e) restitution in the amount of $120,000, and

(f) defendant's option to move for early termination of probation after one year, which motion would not be considered a breach of this agreement. The government is free to oppose such motion if it chooses.

The parties seek this binding Plea Agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interest of justice; and it assures a sentence consistent with the sentencing factors of 18 U. S. C. § 3553 (a). If the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this Plea

Agreement.  The Plea Agreement centers on defendant's agreement to enter her guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshal's Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.**  The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines.  Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11( c)(1) (C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to dismiss the remaining counts of the indictments at the time of sentencing, and agrees not to file any additional charges against the defendant arising out of the facts forming the basis for the present indictments.

6. **Consequences for Violating the Plea Agreement.**  The United States' obligations  under this Plea Agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility.  If the defendant denies or gives conflicting statements as to her involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if she has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of

3

justice as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, this Plea Agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for perjury, false statements, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, she understands and agrees that all statements she made, any testimony she gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against her in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements she made subsequent to the Plea Agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court**. The Court has no obligation to accept the proposed Plea Agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding Plea Agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by the proposed Plea Agreement and accepts the defendant's guilty plea, the defendant will not be permitted to withdraw her guilty plea. Only if the Court rejects the proposed Plea Agreement will the defendant be permitted to withdraw her guilty plea.

9. **Identification of Assets & Agreement Concerning Monetary Penalties**

**(Restitution, Fines, Assessments, and Forfeiture):** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

(a)  She agrees to provide a financial statement on a form approved by the United States Attorney's Office that discloses all assets in which she has any interest or over which she exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within three years preceding the entry of this Plea Agreement.

(b)  She agrees to submit to an examination, prior to and/or after sentencing, which may be taken under oath, and which may include a polygraph examination.

(c)  She acknowledges that any waivers, consents, or releases she signed for purposes of the Presentence Report extend to the United States Attorney's Office.

(d)  She agrees not to encumber, transfer, of dispose of any monies, property, or assets under her custody or control, without written approval from the United States Attorney's Office.

(e)  She understands and agrees that whatever monetary penalties the Court imposes (including any restitution, assessment or forfeiture judgment), these monies will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, she understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

(f)  If she posted funds as security for her appearance in this case, she authorizes the Court to release the funds and apply them to satisfy her financial obligations, pursuant to the Court's judgment.

(g)  She waives any requirement for demand of payment on any restitution, assessment or forfeiture judgment the Court announces on the record the day of sentencing.

10.  **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against her at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has

the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resource to pay the special assessment at the time of sentencing, the Court may allow payment during her period of probation.

11.     **Waiver and Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, her conviction, or the components of the sentence to be imposed herein. The defendant is aware that 18 U.S.C. § 3742 affords her the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11( c)(1)(C) . The defendant also waives any right to challenge her sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), or a motion brought under the Federal Rule of Civil Procedure 60 (b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11( c)(1) C. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U. S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regard to ineffective assistance of counsel or prosecutorial misconduct.

12.     **FOIA and Privacy Act Waiver.**     The defendant waives all rights,

whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U. S. C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13. **Full Disclosure by the United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning her background, character, and conduct, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the count to which she is pleading guilty. The United States may respond to comments she or her attorney makes, or to positions she or her attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case., subject only to the limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only her and the United States Attorney's Office for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with her attorney and she is fully

satisfied with advice and representation her attorney provided. Further, the defendant acknowledges that she has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

16. The defendant acknowledges that she is entering into this Plea Agreement and is pleading guilty because she is guilty. She further acknowledges that she is entering her guilty plea freely, voluntarily, and knowingly.

_____   Date: 5-26-2015
D. Christopher Oakley
Assistant United States Attorney

_____   Date: 5/26/15
Kim Martin
Criminal Chief/Supervisor

_____   Date: 5-27-15
Heather A. Gibbs
Defendant

_____   Date: 5/27/15
Forrest A. Lowry
Bezek, Lowry & Hendrix
Counsel for Defendant